UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BLAKE COMISKEY,           )
                          )
    Plaintiff,            )
                          )
    v.                    )          11-CV-3099
                          )
LOUIS SHICKER,            )
                          )
    Defendant.            )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding *pro se* and incarcerated in Pontiac Correctional Center, pursues a claim of deliberate indifference to his serious medical needs regarding his Crohn's disease.  The case is in the process of discovery.

Plaintiff has filed a motion to compel the grievances he filed between June 1, 2009, through September 18, 2011.  Defendant has produced the grievances discussing Plaintiff's Crohn's disease, but objects to producing any others on the grounds of relevancy.

Defendant is correct that Plaintiff's claims are about his Crohn's disease.  However, Plaintiff may not have necessarily used the term "Crohn's disease" in all of his grievances.  He may have filed other grievances about medical problems that could be relevant to his claims in this case.  Accordingly, Defendant will be directed to provide all of Plaintiff's grievances on medical issues during the requested time period, to the extent not already produced.

Plaintiff also seeks copies of his medical records from June 1, 2009, to the current.  Defendant produced Plaintiff's medical records for the last six months and has agreed to produce the medical records from March 1, 2010 to March 31, 2010.[1]  Defendant objects to producing any medical records dated before March 1, 2010, on the grounds that those records are outside the relevant time frame.  However, Plaintiff alleges that he began having problems in the Fall of 2009 while incarcerated in Dixon Correctional Center and was subsequently diagnosed with Crohn's disease.  Plaintiff's medical problems that led to this diagnosis and the

---

[1]Defendant may mean the year 2011, as it does not make sense to provide just one month out of 2010.

medical treatment Plaintiff received after the diagnosis could be relevant to proving his allegation that his current medical treatment is a "substantial departure from accepted professional judgment." Estate of Cole v. Pardue, 94 F.3d 254, 261-62 (7th Cir. 1996).

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to compel is granted (d/e 33). By December 30, 2011, Defendant is directed to provide Plaintiff with copies of his medical records from the time period June 1, 2009, to the date of the entry of this order, to the extent not already produced. Defendant is further directed to provide to Plaintiff, by December 30, 2011, copies of Plaintiff's medical grievances filed from June 1, 2009, to the date of the entry of this order, to the extent not already produced.

2. Plaintiff's motion for the appointment of counsel is denied (d/e 38) for the reasons set forth in Judge Baker's order dated July 20, 2011. As Judge Baker reasoned, Plaintiff's filings have been coherent and demonstrate an understanding of his claims, the evidence he needs, and how to obtain that evidence. As Judge Baker also pointed out, Plaintiff

has experience litigating in federal court.  Plaintiff asserts that he has psychiatric conditions, but his attachments do not suggest that those conditions render him incompetent to proceed pro se.  His treatment notes state that he is alert, oriented, and displays organized thought processes.  (d/e 38, p. 13).

ENTERED:

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE