**E-FILED**
Wednesday, 21 March, 2012 05:11:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BLAKE COMISKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3099 |
| | ) | |
| LOUIS SHICKER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding *pro se* and incarcerated in Pontiac Correctional Center, pursues a claim for deliberate indifference to his Crohn's disease. The case is in the process of discovery. Several pending motions are before the Court.

IT IS THEREFORE ORDERED:

1. Plaintiff's unopposed motion to file an amended complaint is granted (d/e 42). The amended complaint adds two new Defendants who were also allegedly involved in the denial of care to Plaintiff. The

1

clerk is directed to: 1) docket the amended complaint; 2) add new Defendants Steven Taller and Dr. Agrawal to the docket; and, 3) send waivers of service, the amended complaint, and this text order to Defendants Taller and Agrawal at Wexford Health Sources, Inc., using the standard procedures.

2. Defendant's motion for a HIPAA protective order is granted (d/e 46). Plaintiff objects to any ex parte communication between defense counsel and his treating physicians, but those treating physicians *are* the Defendants. Defense counsel may clearly confer with his own clients without Plaintiff's presence. *See* Ueland v. U.S., 291 F.3d 993, 999 (7th Cir. 2002)(Petrillo doctrine under Illinois law, which prohibits litigant from ex parte meeting with opposing party's physician, did not prevent lawyers defending federal government from conferring with prison doctors who had treated plaintiff). Plaintiff further asks for copies of whatever records Defendants obtain and an opportunity to cross-examine the doctors by reviewing their affidavits and submitting interrogatories. However, Plaintiff may already obtain his medical records through

discovery requests and may send interrogatories to Defendants asking for an explanation of their treatment decisions.

3. Plaintiff's motion to compel response to his third and fourth set of interrogatories is granted (d/e 47). Since Plaintiff is limited to written discovery, the Court grants Plaintiff leave to serve more than 25 interrogatories. Fed. R. Civ. P. 33(a). Plaintiff's interrogatories do not appear excessive or burdensome.

4. Plaintiff's motion to compel the production of documents is granted (d/e 48). Plaintiff seeks to compel Defendant to provide medical records regarding Plaintiff's treatment from providers outside the IDOC, namely the University of Illinois. Defendants assert that the prison's policy precludes this production. They contend that Plaintiff must obtain the records directly from the outside provider because outside providers have their own policies on releasing information. However, Plaintiff seeks only those records in IDOC's possession and the records will be covered by the HIPAA protective order. Defendant does not assert any undue burden and does not explain his statement that the

documents are not in his "possession." Clearly the records are within his "control," since he is the IDOC Medical Director. Fed. R. Civ. P. 34(a)(documents may be sought that are in party's "possession, custody, or control"). Defendant is directed to produce said records to Plaintiff by March 30, 2012.

5. Plaintiff has filed part of a summary of Crohn's disease apparently found on Mayo Clinic's website, MayoClinic.com (d/e 53). He appears to ask the Court to admit the document as evidence, since he is unable to obtain any doctor's statements. Plaintiff's request is denied as premature (d/e 53). If Defendants file a summary judgment motion, Plaintiff may ask the Court to consider this material when Plaintiff files his response. However, the material discusses Crohn's disease only generally, setting forth many different treatment options and stating that treatment is on an individualized basis. Additionally, the Court has visited the website, which lists as possible treatments both Remicade (the treatment Plaintiff wants) and Humira (the treatment Plaintiff is receiving, according to Defendants).

6. Plaintiff's motion for summary judgment is denied because the motion does not demonstrate the absence of a factual dispute regarding whether Defendants have been deliberately indifferent to Plaintiff's Crohn's disease (d/e 54).

7. The clerk is directed to set this case for a status hearing about 45 days from the entry of this order to check on service on the new defendants.

ENTERED: March 21, 2012

FOR THE COURT:

                                      s/Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE